UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-69-TS |
| | ) | |
| PERCY J. LASTER | ) | |

**OPINION AND ORDER**

On August 17, 2007, the Defendant filed a Motion to Determine Competency of the Defendant (DE 15). The Court granted the Defendant's motion pursuant to 18 U.S.C. § 4241 and ordered the Defendant to submit to a psychological examination, conducted by Dr. Stephen Ross, to determine if the Defendant has the ability to understand the nature of the charges against him and has the ability to assist in his defense (DE 18). Dr. Ross conducted an examination and concluded that the Defendant is competent to stand trial, although extra effort will be required by defense counsel to assist the Defendant in understanding some of the courtroom proceedings. Dr. Ross's psychological report has been admitted into the record and is sealed (DE 22).

The Court held a competency hearing on November 2, 2007. The Defendant was present with counsel, and Dr. Ross attended the hearing as an available witness for either party. The Defendant did not object to Dr. Ross's findings, and both parties declined the opportunity to examine Dr. Ross. The Defendant did submit Dr. Ross's updated curriculum vitae, which the Court admitted as Defense Exhibit 1.

18 U.S.C. § 4241(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

The Court has conducted a competency hearing that conformed to the requirements of 18 U.S.C. § 4247(d). The Defendant was represented by counsel at the hearing and was afforded the opportunity to testify, to present evidence, and to subpoena witnesses on his behalf. The only evidence in this case, the psychological report prepared by Dr. Ross and the discussions at the competency hearing, supports the conclusion that the Defendant is competent to stand trial. Furthermore, the Defendant does not object to this conclusion. Accordingly, the Court cannot find, by a preponderance of the evidence, that the "defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d).

For the reasons stated on the record in the November 2, 2007, competency hearing, and those stated in this opinion, the Court finds that the Defendant is competent to stand trial.

SO ORDERED on November 5, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT